# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ADIB K. TIMBUKTU, and
CHAD BERNARD PARHAM,

    Plaintiffs,

    v.          Case No. 05-C-492

RONALD MALONE,
LT. SLATTERLY,
LT. WALKER,
LT. SALSBURY,
CORRECTIONAL OFFICER STALOWSKI, and
CORRECTIONAL OFFICER KNUEPPEL,

    Defendants.

## ORDER

The plaintiffs, Adib K. Timbuktu and Chad Bernard Parham, together lodged this pro se civil rights complaint pursuant to 42 U.S.C. § 1983. The plaintiffs petitioned the court to proceed in forma pauperis. On May 4, 2005, the plaintiffs were ordered to pay initial partial filing fees or notify the court of their desire to voluntarily withdraw from prosecuting the action, and were provided with 21 days to comply. In addition, plaintiffs were apprised of the consequences of the "three strikes" rule of 28 U.S.C. § 1915(g). (May 4, 2005 Orders).

As ordered, plaintiff Parham paid an initial partial filing fee in the amount of $5.46 on May 16, 2005. To date, plaintiff Timbuktu has not paid an initial partial filing fee or notified the court

of his desire to withdraw from this action. However, recently, plaintiff Timbuktu notified the court of his transfer to the Milwaukee County Jail. (Plaintiff Timbuktu's Letter Filed June 13, 2005).

Recently, the United States Court of Appeals for the Seventh Circuit clarified several matters relating to complaints brought by multiple prisoners, and suggested that district courts alert prisoners to the potential consequences of such actions. Boriboune v. Berge, 391 F.3d 852, 855-56 (7th Cir. 2004). Each plaintiff in a multiple prisoner case is obliged to pay the $250 filing fee. Id. at 855-856.

In addition, each plaintiff will be held legally responsible for the complaint and other filings made in the case on his behalf, and the representations made in those filings. See Fed. R. Civ. P. 11. This includes claims made by co-plaintiffs. Boriboune, 391 F.3d at 855. Accordingly, each plaintiff will be subject to sanctions under Fed. R. Civ. P. 11 if such sanctions are found to be warranted in any aspect of the case. Id. at 854-55. Similarly, the "strike rule," about which the plaintiffs were previously advised, will apply to "all claims in the complaint, whether or not they concern" an individual plaintiff personally. Id. at 855. Thus, each plaintiff stands to incur a strike pursuant to 28 U.S.C. § 1915(g) if the action is dismissed as frivolous or malicious, or for failure to state a claim upon which relief may be granted. Id.

The plaintiffs will be provided with 21 days in which to consider these potential consequences, and in which plaintiff Timbuktu may pay an initial partial filing fee in the amount of $15.86, as previously ordered. (May 4, 2005 Order). If either plaintiff wishes to drop out of this action, he must notify the court in writing within the specified time. After the time has lapsed, the court will screen the complaint pursuant to 28 U.S.C. § 1915A. If screening reveals that the complaint raises claims not properly joined, the claims may be severed. See Fed. R. Civ. P. 18-21. If severance is appropriate, the affected plaintiff or plaintiffs will be required to prosecute the severed claims in a separate action.

For the foregoing reasons,

**IT IS THEREFORE ORDERED** that plaintiffs Parham and Timbuktu have 21 days in which to notify the court in writing if they wish to withdraw from this action. At the expiration of 21 days, the court will screen the complaint pursuant to 28 U.S.C. § 1915A, and at that stage plaintiffs will be potentially subject to the consequences of multiple prisoner plaintiff litigation described in this order.

**IT IS FURTHER ORDERED** that, if plaintiff Timbuktu elects to proceed in this action, he shall have 21 days from the date of this order in which to pay an initial partial filing fee in the amount of $15.86, as ordered on May 4, 2005.

Dated at Milwaukee, Wisconsin this <u>21st</u> day of June, 2005.

BY THE COURT:

<u>s/AARON E. GOODSTEIN</u>
United States Magistrate Judge