# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ADIB K TIMBUKTU and CHAD BERNARD PARHAM,

          Plaintiffs,

v.                                                 Case No. 05-C-0492

RONALD MALONE, LT SLATTERY,
LT WALKER, LT SALSBURY,
CORRECTIONAL OFFICER STALOWSKI,
and CORRECTIONAL OFFICER KNUEPPEL,

          Defendants.

## ORDER

Plaintiffs, Adib K. Timbuktu and Chad Parham, filed this joint *pro se* civil rights action pursuant to 42 U.S.C. § 1983. In a decision and order dated August 27, 2007, the court denied the defendants' motion for summary judgment. On September 12, 2007, the court directed the parties to submit a letter to the court setting forth their perspective regarding the status of this case. The plaintiffs submitted a letter, but the defendants did not file anything. In fact, the defendants did not file any pleadings with the court from December 2006 until July 2008, when they asked for a stay of the case.

In a decision and order dated July 7, 2008, the court granted the defendants' motion to stay the case until September 2, 2008. The court also ordered the defendants to file responses to the plaintiffs' pending motion to compel, discovery demands and motion for summary judgment on or before October 2, 2008. Instead, the defendants responded only to a different motion, the plaintiffs' motion for

judgment, which was docketed the same day as the court's order. In that pleading, filed October 1, 2008, the defendants notified the court that the need for the stay was resolved because the Milwaukee County District Attorney's office had decided not to issue criminal charges. They also requested an expedited scheduling order and represented that they would promptly comply with the plaintiffs' discovery requests. However, the court had already given the defendants a deadline for their responses to the plaintiff's motions and discovery requests, and they failed to comply.

The plaintiffs have filed a motion for partial summary judgment on a different claim, and the defendants responded. Yet they still have not filed a response to the plaintiffs' June 6, 2008 motion for partial summary judgment. Although the court need not give the defendants another chance to respond, their response would be helpful in resolving the motion and the court will be in a better position to render a decision on the motion with input from both sides. Therefore, in order to expedite the resolution of that motion the court will order the defendants to respond to the plaintiffs' motion for partial summary judgment, filed June 6, 2008, on or before **Monday, March 9, 2009**. The court notes that the defendants should be able to respond quickly since they have had the plaintiffs' motion for well over seven months. The plaintiffs shall file their reply on or before **Monday, March 23, 2009**.

### PLAINTIFFS' MOTION TO COMPEL

On June 6, 2008, the plaintiffs filed a motion to compel the defendants to respond to their discovery demands. The plaintiffs did not identify the discovery

2

demands to which they sought responses. However, they did file two sets of discovery requests with the court the same day. The court will assume that those sets of discovery demands are the basis of the plaintiffs' motion.

Although Fed. R. Civ P. 37 permits the court to compel discovery, the party seeking such discovery must complete several steps before court intervention is appropriate. The party seeking discovery must first direct his request to the opposing party. If the opposing party fails to provide the materials, the party must then personally consult with the opposing party and attempt to resolve their differences. Civ. L.R. 37.1 (E.D. Wis.). If the party is still unable to obtain discovery, he may file a motion to compel discovery with the court pursuant to Fed. R. Civ. P. 37(a). Such motion must be accompanied by a written statement that, "after personal consultation with the party adverse to the motion and after sincere attempts to resolve their differences, the parties are unable to reach an accord." Civil L.R. 37.1 (E.D.Wis.). A motion to compel discovery pursuant to Rule 37(a) is addressed to the sound discretion of the trial court. *EEOC v. Klockner H & K Machines, Inc.*, 168 F.R.D. 233, 235 (E.D. Wis. 1996) (citation omitted).

The plaintiffs represent that they "have made contact with counsel for the Defendants seeking compliance but no discovery demands have been provided." Although this statement does not indicate the means of communication the plaintiffs' used in their attempt to personally consult with counsel, the court will deem it sufficient under Civil L.R. 37.1 (E.D. Wis.). To the extent the defendants have not

already responded to the sets of discovery demands filed at docket numbers 49, and 50, they shall respond on or before **Monday, March 9, 2009**.[1]

## PLAINTIFFS' MOTION FOR JUDGMENT

On July 7, 2008, the plaintiffs filed a "motion for judgment" asking the court to grant their earlier summary judgment motion because the defendants had not filed a response. However, a party is not entitled to summary judgment simply because their motion has not been opposed. This is particularly true when plaintiffs move for summary judgment. Where the moving parties bear the burden of proof at trial, they can prevail only by proving every element of their case with evidence so compelling that no reasonable jury could return a verdict for the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Select Creations, Inc. v. Paliafito America, Inc.*, 911 F. Supp. 1130, 1149 (E.D. Wis. 1995). The plaintiffs' motion for judgment will be denied. The resolution of this motion does not affect the plaintiffs' pending motion for partial summary judgment. Once the parties have completed the briefing on the plaintiff's motion for partial summary judgment, the court will address that motion on its merits.

## PLAINTIFFS' MOTION FOR EXTENSION OF TIME

On August 19, 2008, the plaintiffs filed a pleading giving the court notice of an address change for plaintiff Timbuktu and asking the court for an extension of time

---

[1] In the decision and order dated July 7, 2008, the court ordered the defendants to respond to the plaintiffs' discovery demands on or before October 2, 2008. On October 1, 2008, the defendants filed a pleading indicating that they would promptly comply with the plaintiffs' discovery requests. Nevertheless, this order addresses the very real possibility that the defendants failed to provide those responses.

4

to respond to any pleadings filed between August 6, 2008, and the date the court updated plaintiff Timbutku's address. No pleadings were filed during that time and, therefore, the plaintiffs' motion will be denied as moot.

## PLAINTIFFS' MOTION TO STRIKE

The plaintiffs filed a motion to strike the defendants' October 1, 2008, response to their motion for judgment. The plaintiffs argue the response is untimely and frivolous. They also make a number of allegations regarding the defendants' motives and tactics in this litigation generally. None of the plaintiffs' arguments persuade the court that the defendants' pleading should be stricken. Moreover, the plaintiff's motion for judgment was addressed above and resolved on grounds other than those argued by the defendants. The plaintiffs' motion to strike will be denied.

Accordingly,

**IT IS ORDERED** that the defendants shall respond to the plaintiff's June 6, 2008, motion for partial summary judgment (Docket #51) on or before **Monday, March 9, 2009**, and the plaintiffs shall filed their reply brief on or before **Monday, March 23, 2009**.

**IT IS FURTHER ORDERED** that the plaintiffs' motion to compel (Docket #48) is **GRANTED**.

**IT IS FURTHER ORDERED** that, to the extent they have not already done so, the defendants shall respond to the sets of discovery demands filed at docket numbers 49, and 50, they shall respond on or before **Monday, March 9, 2009**.

**IT IS FURTHER ORDERED** that the plaintiffs' motion for judgment (Docket #60) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiffs' motion for extension of time (Docket #62) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the plaintiffs' motion to strike (Docket #65) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 26th day of February, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge