# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ADIB K. TIMBUKTU and CHAD BERNARD PARHAM,

        Plaintiffs,

v.                                                                Case No. 05-C-0492

RONALD MALONE, LT. SLATTERY,
LT. WALKER, LT. SALSBURY,
CORRECTIONAL OFFICER STALOWSKI,
and CORRECTIONAL OFFICER KNUEPPEL,

        Defendants.

## DECISION AND ORDER

Plaintiffs, Adib K. Timbuktu and Chad Parham, filed this joint *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiffs are proceeding on various constitutional claims, as well as conspiracy claims. In a decision and order dated April 1, 2009, the court denied the plaintiffs' motion for summary judgment regarding their equal protection claim. That matter is currently set for a jury trial to begin on October 5, 2009. Now before the court is the plaintiffs' motion for summary judgment regarding their Free Exercise Clause and conspiracy claims, as well as several other motions.

### SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show . . . no genuine issue as to any material fact . . . and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The mere existence of some factual dispute does not defeat a summary

judgment motion. Instead, "the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (emphasis in original). For a dispute to be genuine, the evidence must be such that a "reasonable jury could return a verdict for the nonmoving party." *Id.*

In evaluating a motion for summary judgment, the court must draw all inferences in a light most favorable to the nonmovant. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), *Bethlehem Steel Corp v. Bush*, 918 F.2d 1323, 1326 (7th Cir. 1990). However, a court is "not required to draw every conceivable inference from the record – only those inferences that are reasonable." *Bank Leumi Le-Isreal, B.M. v. Lee*, 928 F.2d 232, 236 (7th Cir. 1991) (citing *Spring v. Sheboygan Area School Dist.*, 865 F.2d 883, 886 (7th Cir. 1989)).

The moving party bears the initial burden of showing that there are no material facts in dispute and that he is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A defendant moving for summary judgment may satisfy this initial burden by pointing to the plaintiff's failure to introduce evidence sufficient to support the cause of action alleged. *Id.* at 325. Once the moving party meets its initial burden, the nonmoving party must "go beyond the pleadings" and designate specific facts to support its cause of action, showing a genuine issue for trial. *Id.* at 322-25.

When the moving party does not bear the burden of proof at trial, he can prevail on a motion for summary judgment by showing that there is an absence of evidence to support any essential element of the non-moving party's case. *Celotex*

*Corp.*, 477 U.S. at 322-23. However, where the moving party bears the burden of proof at trial, he can prevail only by proving every element of his case with evidence so compelling that no reasonable jury could return a verdict for the non-moving party. *See Anderson*, 477 U.S. at 248; *Select Creations, Inc. v. Paliafito America, Inc.*, 911 F. Supp. 1130, 1149 (E.D. Wis. 1995).

## BACKGROUND

The plaintiffs in this case are both practicing Muslims who were incarcerated at the Milwaukee County House of Correction (HOC). Their complaint is sworn, and it sets forth the basis of their claims. The plaintiffs' Free Exercise Clause and conspiracy claims relate to a number of instances between 2000 and 2004 in which their prayers were interrupted or stopped, or where the location of their prayers was limited or changed. These claims also relate to infringement upon the plaintiffs' celebration of Ramadan in December 2004 and their observance of other Islamic feasts.

The plaintiffs have submitted proposed findings of fact, but they are unsworn and contain no references to evidence in the record. Civil L.R. 56.2(a) provides that a motion for summary judgment must contain either a stipulation of facts between the parties or a party's proposed findings of fact. It further requires that a party's proposed findings of fact be "supported by specific citations to evidentiary materials in the record (e.g., pleadings, affidavits, depositions, interrogatory answers, or admissions)." *Id.* In fact, the document entitled "Plaintiffs' Proposed Facts Not In Dispute" refers generally to the complaint in this case and to the claims in another

3

case plaintiff Timbuktu has pending in this District, but the "facts" the plaintiffs ask the court to find are actually conclusions of law.

Additionally, the plaintiffs have submitted a number of affidavits from current and former HOC inmates in support of their motion. However, the affidavits of Lyle Shumpert, Lewis Bufford, Stephen Vance, and plaintiff Timbuktu deal with situations that occurred in 2008 and thus are not relevant to prove the claims on which the plaintiffs were allowed to proceed in this case.

## DISCUSSION

At issue at this time are five Free Exercise Clause claims, three of which also allege a conspiracy to deprive the plaintiffs of their constitutional rights. The plaintiffs' motion for summary judgment does not specifically address, let alone prove, any of the plaintiff's remaining claims. To the extent that the plaintiffs have submitted admissible evidence in support of their motion, that evidence relates exclusively to events in 2008, which are not at issue in this case.

The plaintiffs argue that they have suffered egregious harassment, particularly Timbuktu. "Much of the injury he has sustained has occurred as a result of being subjected to opposing extremes regarding the practice of his religion." (Plaintiffs' Summary Judgment Brief, p. 1). The plaintiffs suggest that the defendants subjected plaintiff Timbuktu to opposing extremes to destabilize, disrupt, harass, demean and torture him. The plaintiffs even say that the defendants' actions would not have taken such a toll on plaintiff Timbuktu if he did not engage in such a stringent, detailed and disciplined practice of Islam. Moreover, the plaintiffs argue that any

4

abuses that occurred after the instigation of this lawsuit should be assumed to be willful because common sense dictates an assumption that the defendants spoke with each other about the charges in the plaintiff's complaint and should have remedied them. The plaintiffs insist that "this on-again off-again prayer issue was perpetrated on them by the Defendants with forethought and malice; that it was calculated and intentional." *Id.*

In response, the defendants argue that they never interfered with the practice of religion by inmates, as long as it did not pose a threat to the safety and security of employees or inmates at the House of Corrections. The defendants' argument is based on several affidavits.

The plaintiffs have not set forth evidence that they are entitled to summary judgment on their Free Exercise Clause or conspiracy claims. The court concludes that when the plaintiff's sworn complaint and the evidence submitted by the parties is viewed in the light most favorable to the defendants, the non-moving party, a reasonable jury could return verdict for the defendants. *See Anderson*, 477 U.S. at 248; *Select Creations*, 911 F. Supp. at 1149. Thus, summary judgment for the plaintiffs is not appropriate. The plaintiffs' Free Exercise Clause and conspiracy claims will also proceed to trial.

## ADDITIONAL MOTIONS

The plaintiffs have also filed: (1) a motion to supplement their motion for judgment; (2) a motion for expedited judgment; (3) a motion for sanctions; (4) a

motion to appoint counsel; and (5) a motion to produce for pretrial and court by plaintiff Parham.

The plaintiffs' motion to supplement their motion for judgment contains legal citations and arguments regarding the defendants' failure to comply with the court's discovery order. As relief, the plaintiffs ask for judgment as a matter of law and/or as a sanction for discovery abuses. The court will deny this motion because it does not comply with the applicable Federal Rules of Civil Procedure or Civil Local Rules regarding motions for summary judgment. It also requests the same relief as the plaintiffs' second motion for partial summary judgment. The court nevertheless reviewed the arguments and citations in the motion as part of its consideration of the motion for partial summary judgment.

The plaintiffs also filed a motion "for expedited judgment on their summary judgment motion" that does not ask for relief under any Federal Rule of Civil Procedure. It will be denied.

As part of their reply brief in support of their second motion for partial summary judgment, the plaintiffs ask for sanctions. They assert that the defendants violated this court's discovery order dated February 26, 2009, deceived the court on several occasions, and withheld a number of documents relevant to this case. Federal Rule of Civil Procedure 37(b) authorizes the court, in which an action is pending, to impose sanctions against a party who fails to obey a court order regarding discovery. The plaintiffs' motion for sanctions is not supported by admissible evidence. Nor is it supported by the record in this case, which indicates

6

that the defendants filed their letter transmitting discovery responses to the plaintiffs with the court on March 9, 2009, in compliance with the court's decision and order dated February 26, 2009. The motion will be denied.

The plaintiffs have filed a motion asking the court to appoint counsel to represent them at trial. Although civil litigants do not have a constitutional or statutory right to appointed counsel, the court has the discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997) (citing *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995)). The decision of whether to recruit pro bono counsel for plaintiffs – or, as it is often called, to "appoint counsel" – rests within the sound discretion of the district court. *See Pruitt*, 503 F.3d at 653-54.

The plaintiffs' motion will be granted. The court believes that it would be advantageous for all involved for the plaintiffs to be represented by counsel at trial and is in the process of recruiting pro bono counsel to represent the plaintiffs. In the meantime, the court will vacate the Scheduling Order dated April 9, 2009. A new trial date, and corresponding pretrial deadlines, will be set once the plaintiffs have pro bono counsel.

Finally, the court will deny as moot plaintiff Parham's motion to produce for pretrial and court. Because the court has vacated the Scheduling Order dated April 9, 2009, there are no impending court dates for plaintiff Parham to attend. The court will prepare the appropriate orders and writs when a new trial date is set.

7

Accordingly,

**IT IS ORDERED** that the plaintiffs' second motion for partial summary judgment (Docket # 66) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiffs' motion to supplement plaintiffs' motion for judgment (Docket # 78) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiffs' motion for expedited judgment (Docket # 84) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiffs' motion for sanctions (Docket # 87) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiffs' motion to appoint counsel (Docket # 91) be and the same is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the Scheduling Order entered April 9, 2009, be and the same is hereby **VACATED**.

**IT IS FURTHER ORDERED** that plaintiff Parham's motion to produce for Pre-Trial and Court (Docket # 90) be and the same is hereby **DENIED AS MOOT**.

Dated at Milwaukee, Wisconsin, this 9th day of September, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge